IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY THUNANDER,

        Plaintiff,                      No. 2:12-cv-01896 KJN P

    vs.

BUTTE COUNTY, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1    allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3    notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4    U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6    as true the allegations of the complaint in question, id., and construe the pleading in the light

7    most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8          Pursuant to his complaint, plaintiff alleges deliberate indifference to his serious

9    medical needs during his detention at the Butte County Jail, from February to September 2007.

10   Plaintiff identifies the following defendants:  Butte County, Butte County Sheriff Jerry W. Smith,

11   15 "Doe" employees of the Butte County Jail, Oroville Hospital, and 5 "Doe" employees of

12   Oroville Hospital.  For the following reasons, plaintiff's complaint must be dismissed; however,

13   plaintiff will be granted leave to file an amended complaint subject to the following

14   considerations.

15         Plaintiff names Butte County based on its allegedly unconstitutional policy of

16   denying medical care to pretrial detainees with serious medical needs, allegedly due to county

17   financial restraints and the assumption that most detainees will obtain necessary medical care

18   when transferred to state prison.  Plaintiff asserts that this alleged policy is routinely

19   implemented by the Butte County Sheriff and his employees, as well as by contracted medical

20   providers, in this case Oroville Hospital and its employees.  The complaint alleges that

21   application of this policy to plaintiff reflected an assessment that plaintiff's several medical

22   conditions were too expensive to properly treat and, therefore, that defendants conspired to "let

23   plaintiff die."  As framed by plaintiff (Dkt. No. 1 at 5):

24        At the time he was admitted into the jail Mr. Thunander had gout, a
          heart condition and was on 18 pills to keep him healthy.  Upon
25        discovering how expensive it was going to be to care for Mr.
          Thunander's medical needs there was a general conspiracy
26        amongst the Sheriff and his staff at the Butte County Jail to bring

3

> about the death of Mr. Thunander. The popular consensus was that it would be cheaper to bury Mr. Thunander than to care for his medical needs as the County of Butte had neglected its fiscal obligation to properly fund the County Jail.

Pursuant to the complaint, application of this alleged policy to plaintiff resulted in a significant reduction in plaintiff's prescribed medications, denial of a wheelchair, and denial of treatment by a cardiologist, with emergency treatment provided only by a "nurse/veterinarian." As a result, plaintiff alleges, he had a heart attack and suffered permanent damage to his heart, requiring that a permanent defibrillator be implanted in plaintiff when he was transferred to High Desert State Prison; in addition, plaintiff alleges that he sustained permanent damage to his kidneys and digestive system. The complaint also alleges that, due to plaintiff's gout and arthritis, the denial of proper medication and a wheelchair caused plaintiff significant pain and permanent joint damage.

The court initially notes that the Eighth Amendment's prohibition against cruel and unusual punishment/deliberate indifference to serious medical needs does not directly apply to pretrial detainees, but only "after conviction and sentence." See Graham v. Connor, 490 U.S. 386, 392 n.6 (1989), and related text. However, the Supreme Court has held that "[p]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners." Bell v. Wolfish, 441 U.S. 520, 545 (1979). "Thus, while the eighth amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the fourteenth amendment proscribes any punishment of pretrial detainees." Redman v. County of San Diego, 942 F.2d 1435, 1441 n.7 (9th Cir.1991) (en banc). "In light of the Supreme Court's rulings that conditions of confinement violate pretrial detainees' Fourteenth Amendment rights if the conditions amount to punishment, and that failure to prevent harm amounts to punishment where detention officials are deliberately indifferent, we have concluded that the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." Clouthier v.

County of Contra Costa, 591 F.3d 1232, 1242-43 (9th Cir. 2010), citing Bell, supra, 441 U.S. at 535, and Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment . . . we apply the same standards."[1] Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998), citing Redman, supra, 942 F.2d at 1441.

For these reasons, the court construes plaintiff's deliberate indifference claims as Fourteenth Amendment due process claims, subject to Eighth Amendment standards. To state a potentially cognizable claim pursuant to these standards, plaintiff must satisfy a "two-pronged test." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner"s pain or possible medical need and (b) harm caused by the indifference." Id. (internal quotation marks and citations omitted).

Plaintiff's allegation that he has been injured by the implementation of, and compliance with, allegedly unconstitutional governmental policies, while broadly stated, may state potentially cognizable claims against Butte County, provided plaintiff can demonstrate a causal connection between the challenged policy and the allegedly unconstitutional deprivation. However, plaintiff must identify specific individuals/defendants who allegedly implemented the challenged policy and thereby violated plaintiff's constitutional rights.

Section 1983 provides a private right of action based on proof that a "person,"

---

[1] While some courts within this circuit maintain that the Eighth Amendment provides only the minimum standard of care for pretrial detainees, thus suggesting that greater protections may be required by the Fourteenth Amendment, see e.g. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187-88 (9th Cir. 2002); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Redman, supra, 942 F.2d at 1443; Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986), this court has found no case clearly identifying such greater protections.

acting under color of state law, committed an act that deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or other federal law. 42 U.S.C. § 1983. Counties and other local governmental entities are "persons" within the meaning of the statute. Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 (1978). However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694.

"A plaintiff may . . . establish municipal liability by demonstrating that (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citation and internal quotation marks omitted). Thus, a plaintiff may establish, under Section 1983, the liability of a local governmental entity by showing that the alleged "constitutional violation resulted from: (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker." Delia v. City of Rialto, 621 F.3d 1069, 1081–82 (9th Cir. 2010) (as amended).

Additionally, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both

the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985) (fns. omitted).

However, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, supra, 436 U.S. at 691. "Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Hence, "[a] supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989) (citing Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)).

Similar considerations apply in order to state a potentially cognizable claim against Oroville Hospital and its employees. When a state contracts with a private party to provide medical care to its prisoners, the obligations of the Eighth Amendment attach to the persons with whom the state contracts. West v. Atkins, 487 U.S. 42, 55-56 (1988). As found by the Supreme Court in West:

> Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights. The State bore an affirmative obligation to provide adequate medical care to [petitioner]; the State delegated that function to respondent []; and respondent voluntarily assumed that obligation by contract.

Id. at 56 (fn. omitted).

7

Similarly, employees of a private entity hired by a county to provide medical care to jail inmates thereby act under color of state law, subject to liability under Section 1983. See Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704-06 (11th Cir. 1985) (although county is responsible for providing and paying for the health services of jail inmates, the acts, policies and customs of the jail's delegated medical provider made within the scope of the provider's delegated responsibilities are thereby official acts, policies and customs); see also Howell v. Evans, 922 F.2d 712, 724 (11th Cir. 1991)[2] ("when the state contracts out its medical care of inmates, the obligations of the eighth amendment attach to the persons with whom the state contracts"), citing West v. Atkins, supra, 487 U.S. 42; accord George v. Sonoma County Sheriff's Department, 732 F. Supp. 2d 922, 933-36 (N.D. Cal. 2010) (private physician and private hospital contracting with a public prison system to provide medical treatment for inmates perform a public function actionable under Section 1983), and cases cited therein; Newman v. County of Ventura, 2010 WL 4025618,*5 n.8 (C.D. Cal. 2010) ("private § 1983 defendants" are state actors under the statute if they perform functions traditionally within the exclusive authority of a governmental entity) (citations omitted); see also Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835-36 (9th Cir. 1999) (identifying cases which have made the "necessarily fact-bound inquiry" whether private conduct constitutes state action, quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982)).

In the present complaint, plaintiff fails to identify any individual whom plaintiff alleges had a direct role in the alleged denial of plaintiff's medical care. To state a potentially cognizable claim, the complaint must allege that specific individuals/defendants acted, or failed to act, subject to the Eighth Amendment standards set forth above. Moreover, plaintiff is advised that the use of "Doe" defendants is disfavored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a

---

[2] This decision, vacated on other grounds in Howell v. Evans, 922 F.2d 712 (11th Cir. 1991), was subsequently reinstated, see Howell v. Burden, 12 F.3d 190, 191 fn* (11th Cir. 1994).

defendant is not favored."). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissing a complaint because plaintiff is unaware of "Doe's" identity at the time the complaint is filed is error). Accordingly, while plaintiff should not name any "Doe" defendants in an amended complaint, if plaintiff learns the identity of a "Doe" defendant through discovery, he may move to file a further amended complaint to add the newly-named defendant. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

Plaintiff is further informed of the stringent requirements for stating a conspiracy claim. A viable conspiracy claim brought under Section 1983 requires proof of "'an agreement or 'meeting of the minds' to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), quoting United Steel Workers of Amer. v. Phelps Dodge Corp., 865 F.2d 1539,1540-41 (9th Cir.), cert. denied, 493 U.S. 809 (1989) ( citation omitted ), as well as an "actual deprivation of constitutional rights resulting from the alleged conspiracy." Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006), quoting Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " Franklin, 312 F.3d at 441, quoting United Steel Workers, 865 F.2d at 1541. To state a cognizable conspiracy claim, plaintiff must allege that defendants agreed to violate plaintiff's constitutional rights, and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Fed. R. Civ. P. 8; Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with some degree of particularity the overt acts which defendants allegedly engaged in that support

9

1 plaintiff's claims.  Because plaintiff has failed to comply with this requirement, the complaint
2 must be dismissed.  The court will, however, grant leave to file an amended complaint.

3       If plaintiff chooses to file an amended complaint, he must allege in specific terms
4 how each named defendant is involved.  Id.  There can be no liability under Section 1983 unless
5 there is some affirmative link or connection between a defendant's actions and the claimed
6 deprivation.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167
7 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory
8 allegations of official participation (e.g. by the Sheriff) are insufficient.  Ivey v. Board of
9 Regents, 673 F.2d 266, 268 (9th Cir. 1982).  An amended complaint must be complete in itself
10 without reference to a prior pleading, see Local Rule 220, because it generally supersedes the
11 original complaint, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  An amended complaint must
12 comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and
13 the Local Rules of Practice.

14       In accordance with the above, IT IS HEREBY ORDERED that:

15       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
17 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
18 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
19 Director of the California Department of Corrections and Rehabilitation filed concurrently
20 herewith.

21       3.  Plaintiff's complaint is dismissed.

22       4.  Within thirty days from the date of this order, plaintiff shall complete the
23 attached Notice of Amendment and submit the following documents to the court:

24       a.  The completed Notice of Amendment; and

25       b.  An original and one copy of the Amended Complaint.

26 The amended complaint must bear the docket number assigned to this case and be labeled

"Amended Complaint."

     5. Failure of plaintiff to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: November 8, 2012

                                          _____
                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

thun1896.14new.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY THUNANDER,

      Plaintiff,                    No. 2:12-cv-01896 KJN P

     vs.

BUTTE COUNTY, et al.,          NOTICE OF AMENDMENT

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

_____      _____
Date                                            Plaintiff